UNITED STATES *v.* H. S. DORF & CO. OF PA., INC. (No. 4590)[1]

United States Court of Customs and Patent Appeals, November 2, 1948

*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.
*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument October 6, 1948, by Mr. Weeks and Mr. J. Stuart Tompkins]

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the United States Customs Court, First Division, Abstract 52079, granting

[1] C. A. D. 392.

appellee's petition for the remission of additional duties amounting to $438.64 assessed for undervaluation under the provisions of section 489 of the Tariff Act of 1930.

The merchandise, consisting of 100 bags of Spanish briarwood blocks, was ordered on October 4, 1944, by Henry Leonard & Thomas Inc., of Ozone Park, New York, a manufacturer of smoking pipes, and was exported from Spain on December 20, 1944. The shipment was entered at the port of Philadelphia on February 1, 1945, by appellee, a customhouse broker, and was later appraised at $110 per bag, less non-dutiable charges, by reason of a subsequent order for the same kind of merchandise placed by the instant importer with the same exporter on December 5, 1944, at the increased price.

The entry papers disclose that appellee was the nominal consignee and agent of Henry Leonard & Thomas, Inc., the ultimate consignee. No owner's declaration was filed by appellee relieving it from liability for additional duties under the provisions of section 485 (d) of the Tariff Act of 1930. The entry was made at the lower figure because, as stated in appellee's petition, Henry Leonard & Thomas, Inc., failed to notify either the appellee or the customs officials of the subsequent order at the higher value.

Failure to give such notice was explained by the treasurer of Henry Leonard & Thomas, Inc., to the effect that this was the first time he had ever imported anything for his corporation or otherwise, and it was his understanding that the purchase price would be the value upon which duty was assessed; that at no time prior to the date of entry of the instant merchandise was he requested for information or advised by appellee, by Mr. Jacoby, the agent of the exporter with whom the contract of sale for both consignments was made, or by any Government official, about the bearing of the higher price in the second contract as to the dutiable value of the instant merchandise.

More particularly it appears that on January 20, 1945, appellee wrote to Henry Leonard & Thomas, Inc., advising it of the arrival of the 100 bags of briarwood for its account, and solicited the business of clearing the shipment. In reply appellee was authorized to handle the shipment, but in transmitting the documents and shipping instructions to appellee for that purpose, no mention was made by Henry Leonard & Thomas, Inc., of the subsequent order which it had placed for the same kind of merchandise. The importer suggested, however, that should any additional information or documents be required by appellee to facilitate the handling of the shipment, the same would be supplied.

Prior to the entry of the merchandise, appellee in accordance with its uniform practice with reference to entries of merchandise, submitted a request to the examiner for information as to the value of the goods. The formal submission sheet requesting such information was re-

ceived in evidence and shows an endorsement on its face by the examiner to the effect that he had no information on January 29, 1945, that the goods were worth more than the stated price of $105 per bag appearing in the consular invoice. A column heading on the printed sheet reading "Subsequent Order Placed and Expected Delivery" was left blank by appellee.

In submitting the invoice dated November 1944 and in requesting that the appraiser furnish the latest information in his possession as to value, appellee signed the statement in the printed form to the effect that it was unable to obtain any definite information as to market value of the merchandise on the date of exportation, due to unusual conditions. Acting upon the information contained in the consular invoice and the examiner's hereinbefore described notation, the merchandise was entered by appellee at $105 per bag and was assessed for duty at that value, less certain non-dutiable charges.

Information through the Customs Information Exchange was later obtained by the examiner as to the subsequent order placed at $110 per bag prior to the exportation of the instant order, and on July 30, 1946, the entry was liquidated so as to include the additional duty here in issue.

On August 21, 1946, appellee advised Henry Leonard & Thomas, Inc., of the additional assessment and requested a certified check for the amount thereof made payable to the Collector of Customs, so that the additional assessment could be paid and the bond cancelled. In reply Henry Leonard & Thomas, Inc., sent the check under protest, and authorized appellee to take the matter to court, contest the charge for the additional duty, and obtain a refund of the additional duty for the benefit of the importer. The instant case was accordingly instituted.

Payment of the additional duties for undervaluation was remitted by the trial court on the ground that appellee when it made the instant entry acted in good faith and with no intent to defraud the revenue of the United States or to deceive its officials.

Section 489 of the Tariff Act of 1930, so far as pertinent, reads:

SEC. 489. ADDITIONAL DUTIES.

* * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

The issue to be determined, as in similar cases involving the construction of section 489, is the good faith of the entrant, but ignorance of the law, or lack of knowledge of the true value of the merchandise, cannot of itself be accepted as an excuse or reason for the remission of the additional duties. *United States* v. *Swift & Co.*, 17 C. C. P. A. (Customs) 54, 55, T. D. 43356; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70. Furthermore, as correctly pointed out in the case of *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, 359, C. A. D. 41, "It is not a question as to whether the record affirmatively shows that appellant [petitioner] entered the goods in bad faith, but the question is whether or not it has met its burden of proving to the trial court that in making the entries such good faith was exercised as is required by the statute."

The record discloses that appellee, an experienced customhouse broker of many years standing, after receiving the shipping documents from the importer merely prepared a submission sheet which it submitted to the examiner requesting information from him as to the value of the merchandise. Stress has been laid upon that procedure in the effort to establish the good faith of appellee, although it is no part of the official duty of such officer to supply the desired information, that, as indicated in the text of the submission sheet, information so given is in no way binding on customs officials in determining value, nor can such information be relied upon by the entrant to obviate the duty imposed upon him to ascertain and enter the merchandise at its true value. *Mitsubishi Shoji Kaisha (Ltd.)* v. *United States*, 19 C. C. P. A. (Customs) 91, 94, T. D. 45227.

Moreover, where a submission sheet has been returned with no information, that fact is sufficient to put a customhouse broker on notice so as to require that he seek further information as to value before making entry. *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306.

Another fact tending to put appellee on inquiry as to the proper value of the merchandise was the length of time between the date of the order for the instant merchandise, the date of its shipment, and the date of entry, a period of four months. *Stone & Downer Co.* v. *United States*, 13 C. C. P. A. (Customs) 337, T. D. 41251.

Finally, an inquiry of the importer here would have revealed the subsequent order by it at a higher price. Appellee made no such inquiry, and without making any attempt to ascertain any additional facts from others in the trade as to the value of the merchandise, simply entered the shipment at the invoiced value. Such indifference as to the proper value of the goods as is disclosed by the record in this case does not meet the requirements of satisfactory proof of good faith which will support appellee's petition for remission under the statute. *National Silk Spinning Co., Inc.* v. *United States*, 28 C. C.

P. A. (Customs) 24, 26, C. A. D. 119; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70.

In view of the foregoing conclusion it is deemed unnecessary to discuss other points raised by appellant, and the judgment of the United States Customs Court is accordingly *reversed*.